UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Twin City Iron Workers Health and Welfare Fund; Twin City Iron Workers Pension Fund; Twin City Iron Workers Vacation Fund; and Twin City Iron Workers Apprenticeship and Training Fund,

Plaintiffs,

vs.

Jescad Construction, LLC,

Defendant.

Case No. 00-2095 (ADM/RLE)

**Order**

---

This matter came before the court on November 15, 2000, on the motion of Plaintiffs for entry of default against Defendant and for an order compelling Defendant to produce employment records.

Eric W. Forsberg, Esq., appeared on behalf of Plaintiffs.

There was no appearance by or on behalf of Defendant.

Upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED:

1. The court finds that Defendant is in default. The clerk is ordered to enter default against the Defendant. The determination of the amount of a money judgment, if any, to be entered against Defendant is reserved until such time as Defendant has complied with the court's order to produce its employment records.

2. Defendant is hereby ordered to produce and permit inspection for review and copying the following records and documents pertaining to all persons employed by Defendant:



FILED NOV 1 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD NOV 1 2000
DEPUTY CLERK

a) individual earnings records for all employees for 1998 and 1999;

b) W-2 forms and W-3 for 1998; and

c) Iowa State Unemployment Quarterly Reports for 1999.

The documents to be produced shall cover the period of time between January 1, 1998, and the date on which the documents are produced. The documents shall be produced at Defendant's office located at 14735 Iris Road NE, Eagle Bend, Minnesota, at a time and on a date to be designated by Plaintiffs' auditor (Monday through Friday, between 8:00 a.m. and 5:00 p.m.) upon five days advance written notice given by Plaintiffs' auditor to Defendant.

ORDER FOR JUDGMENT:

Let judgment be entered accordingly.

BY THE COURT:

Dated: November 15, 2000.

Ann D. Montgomery
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995